**SO ORDERED.**

**SIGNED March 03, 2009.**



_____
**ROBERT SUMMERHAYS
UNITED STATES BANKRUPTCY JUDGE**
_____

```
             UNITED STATES BANKRUPTCY COURT

              WESTERN DISTRICT OF LOUISIANA

IN RE:

FIFE OIL COMPANY, INC.,                    CASE NO. 07-50145

     Debtor
****************************************************************

JOHN W. LUSTER, CHAPTER 7
BANKRUPTCY TRUSTEE FOR
FIFE OIL COMPANY, INC.

     Plaintiff

VERSUS                                     ADVERSARY NO. 07-5070

SOUTHWESTERN ENERGY
PRODUCTION COMPANY,

     Defendant
****************************************************************
```

<u>**MEMORANDUM RULING**</u>

The following matters come before the court as cross-motions for summary judgment filed by Southwestern Energy Production

Company ("SWEPCO") and John W. Luster, duly appointed Chapter 7 trustee for Fife Oil Company, Inc. (the "Trustee"). After a hearing in this matter, the court took these motions under advisement. The court has reviewed the summary judgment record, the pleadings, and the arguments of counsel, and is prepared to rule on these motions.

## BACKGROUND

SWEPCO obtained a judgment against Fife Oil Company, Inc., ("Fife" or "Debtor") in Texas state court on June 19, 2006 (the "Texas Judgment"). On October 10, 2006, SWEPCO filed an *ex parte* petition in the 15th Judicial District Court, Lafayette Parish, Louisiana requesting that the Texas Judgment be made executory in this state pursuant to Louisiana Revised Statutes section 13:4242 *et seq*. The 15th Judicial District Court entered a judgment on October 10th recognizing the Texas Judgment and ordering that it be made executory pursuant to Louisiana law (the "Louisiana Judgment"). La. R.S. 13:4243 provides that a foreign judgment does not become executory until 30 days after the Louisiana judgment recognizing the foreign judgment is sent to the judgment debtor by certified mail. SWEPCO recorded the Texas Judgment and the Louisiana Judgment in Lafayette Parish on October 11, 2006, and in Vermillion Parish on October 13, 2006.

On February 7, 2007, Fife filed for relief under Chapter 11 of the Bankruptcy Code. The case was subsequently converted to a case under Chapter 7 of the Bankruptcy Code, and Mr. Luster was duly appointed as the Chapter 7 trustee. The Trustee subsequently sold some of Fife's immovable property located in Lafayette and Vermillion Parish. SWEPCO contends that its judicial mortgages attached to these properties, and that it is entitled to certain proceeds from these properties totaling $209,187.50.

The Trustee filed the present adversary proceeding against SWEPCO seeking to avoid SWEPCO's liens under 11 U.S.C. §547(b). Both SWEPCO and the Trustee have filed motions for summary judgment contending that there are no genuine issues of material fact, and that judgment can be entered as a matter of law based upon the summary judgment record.

## ANALYSIS

Summary judgment is proper if the pleadings, discovery products on file, and affidavits show that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The purpose of summary judgment is to pierce the pleadings and to assess the proof to determine whether there is a genuine need for trial. See Matsushita Electric Industries v. Zenith Radio Corp. 475 U.S. 574, 587 (1986). SWEPCO and the Trustee do not dispute the core facts

-3-

and the relevant statutes at issue in this case. The sole issue presented to the court is purely a question of law: how did the statutory 30-day stay of execution of the Texas Judgment affect the creation of SWEPCO's judicial mortgages in Lafayette Parish and Vermillion Parish? The Trustee contends that SWEPCO filed the Texas Judgment within the 30-day stay of execution and, consequently, the filings were void or, in the alternative, the filings were not effective until the 30-day stay of execution had run. The Trustee takes the position that if SWEPCO's judicial mortgages did not arise until the stay had run, SWEPCO's liens are subject to avoidance under 11 U.S.C. 547(b) because the 30-day stay of execution expired within 90 days before the filing of Fife's bankruptcy petition.

The starting point for the court's analysis is the text of the relevant statutes. In the present case, the relevant statutes are the Louisiana statutory and code provisions governing the recognition, enforcement, and recordation of foreign judgments. La. R.S. 13:4242 states:

> A copy of any foreign judgment authenticated in accordance with an act of congress or the statutes of this state may be annexed to and filed with an ex parte petition complying with Code of Civil Procedure Article 891 and praying that the judgment be made executory in a court of this state. **The foreign judgment shall be treated in the same manner as a judgment of a court of this state. It shall have the same effect and be subject**

-4-

**to the same procedures, and defenses, for reopening, vacating, or staying as a judgment of a court of this state and may be enforced in the same manner**.

(emphasis added). La. R.S. 13:4243 provides for notice and a stay of execution of the foreign judgment:

> A. At the time of the filing of the petition and foreign judgment, the judgment creditor shall file with the court an affidavit setting forth the name and last known address of the judgment debtor and the judgment creditor.
>
> B. Promptly upon the filing of the petition, the foreign judgment, and the affidavit, the clerk shall send a notice by certified mail to the judgment debtor at the address given and shall make a note of the mailing in the record. The notice shall include the name and address of the judgment creditor and his attorney, if any. In addition, the judgment creditor may mail a notice of the filing to the judgment debtor and may file proof of mailing with the clerk. Failure to mail notice of filing by the clerk shall not affect the enforcement proceedings if proof of mailing by the judgment creditor has been filed.
>
> C. **No execution or other process for enforcement of a foreign judgment filed hereunder shall issue until thirty days after the mailing of the notice of the filing of the foreign judgment**.

(emphasis added). The Civil Code governs the creation of judicial mortgages. La. C.C. Art. 3305 provides:

> The filing of an authenticated copy of a judgment of a court of a jurisdiction foreign to this state, such as the United States, another state, or another country, creates a judicial mortgage only when so provided by special legislation, or when accompanied by a certified copy of a judgment or order of a Louisiana court recognizing it and ordering it executed according to law.

The official comments to La. C.C. Art. 3305 state that "the

-5-

recordation of the foreign judgment together with the Louisiana order recognizing it is the operative act that creates the mortgage."

After reviewing the relevant statutory provisions, the court agrees with SWEPCO's position that the 30-day stay of execution of the Texas Judgment did not affect the creation SWEPCO's judicial mortgages under the Civil Code.  SWEPCO properly filed an *ex parte* petition pursuant to La. R.S. 13:4242 seeking an order that the Texas Judgment be made executory in Louisiana.  The 15th Judicial District Court entered judgment recognizing the Texas Judgment and making the judgment executory.  SWEPCO then recorded the Texas Judgment and the Louisiana Judgment pursuant to La. C.C. Art. 3305.  The 30-day stay then lapsed without Fife filing a contradictory motion under La. R.S. 13:4244.

Assuming, *arguendo*, that the recordation of the Texas Judgment amounts to "execution or other process for enforcement" subject to the stay of section 13:4243C,[1] the Civil Code provisions governing

---

[1] SWEPCO points to La. C.C.P. 2252 as a basis to find that the recordation of a judgment does not commence execution of the judgment, and thus is not stayed. La. C.C.P. 2252 states:

> A judgment creditor may proceed with the execution of a judgment only after the delay for a suspensive appeal therefrom has elapsed; **however, recordation of a judgment in the mortgage records prior to the lapsing of the delay for a suspensive appeal does not begin proceedings for the execution of the judgment.**

-6-

the creation of judicial mortgages support SWEPCO's position that its judicial mortgages were not void or otherwise delayed by the pendency of the stay. La. C.C. Art. 3304 unequivocally states that a "judicial mortgage is not affected or suspended by a suspensive appeal or stay of execution of the judgment."[2] Given that a foreign judgment that is made executory under La. R.S. 13:4242 is to be treated "in the same manner as a judgment of a court of this state," the recordation of the Texas Judgment and resulting judicial mortgage is subject to La. C.C. Art. 3304. Accordingly, SWEPCO's judicial mortgages arose October 11th (in Lafayette Parish) and October 13th (in Vermillion Parish) when the Texas and Louisiana judgments were duly filed pursuant to La. C.C. Art. 3305, and were not affected or delayed by the pendency of the 30-day stay provided by La. R.S. 13:4243. The relevant transfer for purposes of 11

---

(emphasis added). This provisions concerns the stay of execution during the delay for a suspensive appeal from a Louisiana judgment and was enacted to overrule prior cases holding that the recordation of a judgment was a step in the process of executing a judgment. The court need not address SWEPCO's argument under La. C.C.P. 2252 because, as explained herein, La. C.C. Art. 3304 supports the validity of SWEPCO's judicial mortgages.

[2] This provision was amended in 1992, and the official comments to the revision explain that the provision was added to overrule <u>Goldking Properties v. Primeaux</u>, 477 So.2d 76 (La. 1985). In <u>Goldking</u>, the court ruled that a party who perfects a suspensive appeal could have a judicial mortgage cancelled on the grounds that it was "an effect of judgment" that was suspended during the delay for suspensive appeals under C.C.P. Art. 2123.

-7-

U.S.C. 547(b), therefore, occurred more than 90 days prior to Fife's bankruptcy filing. <u>See</u> Official Comments to La. C.C. Art. 3305 (recordation of the foreign judgment is the "operative act" creating the judicial mortgage). Neither the Trustee's pleadings nor the summary judgment record present any alternative basis for avoiding SWEPCO's liens.

**CONCLUSION**

For reasons stated above, the court concludes that SWEPCO is entitled to summary judgment. The Trustee's complaint seeking to avoid SWEPCO's judicial liens is therefore dismissed with prejudice. SWEPCO shall file a judgment reflecting the court's ruling herein within 30 days of the date of this Memorandum Ruling.

**IT IS SO ORDERED.**

###